UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LUXSHARE, LTD.,<br><br>　　Petitioner,<br><br>v.<br><br>ZF AUTOMOTIVE US, INC., et al.,<br><br>　　Respondents. | Case No. 20-mc-51245<br>Honorable Laurie J. Michelson<br>Magistrate Judge Anthony P. Patti |

**OPINION AND ORDER DENYING MOTION TO STAY [30] AND GRANTING MOTION TO COMPEL [31]**

As a result of a business dispute involving hundreds of millions of dollars in potential damages, Luxshare, LTD intends to initiate, by the end of the year, an arbitration proceeding in Munich, Germany against ZF Automotive US, Inc. Luxshare came to this federal court in the Eastern District of Michigan pursuant to 28 U.S.C. § 1782 seeking discovery for the arbitration from ZF US and two of its senior officers who reside in the District.

Some procedural history tees up the motion now before the Court. This Court referred Luxshare's petition to Magistrate Judge Anthony P. Patti. He reviewed the briefing, conducted an extensive hearing, and requested supplemental briefing, before ultimately granting discovery in limited scope. Judge Patti permitted Luxshare to obtain limited email production and to take one deposition. (ECF No. 26.) ZF US filed objections to Judge Patti's opinion and order, which this Court reviewed under an abuse of discretion standard. The Court found no legal error or

abuse of discretion in Judge Patti's order and overruled ZF US's objections. (ECF No. 29.) Even so, ZF US has not produced any discovery materials; instead it filed a motion to stay. (ECF No. 30.) On the same day, Luxshare filed a motion to compel. (ECF No. 31.) ZF US has since filed a notice of appeal (ECF No. 32) and a motion to stay with the Sixth Circuit, Motion, *Luxshare, Ltd. v. ZF Automotive US, Inc.*, No. 21-2736 (6th Cir. July 23, 2021). A few days later, the Sixth Circuit ordered ZF US to show cause why the appeal should not be dismissed for lack of jurisdiction. *Luxshare, Ltd. v. ZF Automotive US, Inc.*, No. 21-2736 (6th Cir. July 27, 2021) (show cause order). ZF US has filed a response, but the Sixth Circuit has not yet ruled. *See* Response, *Luxshare, Ltd. v. ZF Automotive US, Inc.*, No. 21-2736 (6th Cir. July 30, 2021).

In the meantime, ZF US's motion to stay and Luxshare's motion to compel are before this Court. For the reasons that follow, the Court denies ZF US's motion to stay. The Court grants Luxshare's motion to compel and orders ZF US to produce the discovery within 14 days of a ruling from the Sixth Circuit denying the motion to stay or dismissing the appeal.

## I. The Motion to Stay

The Court begins with ZF US's motion to stay the case pending appeal. This Court has discretion to stay its ruling and ZF US "bears the burden of showing that the circumstances justify an exercise of [] discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). The Court considers four factors to determine whether a stay should be issued pending appeal: (1) whether the stay applicant has made a strong showing

that it is likely to succeed on the merits on appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the public interest is served. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *JSC MCC EuroChem v. Chauhan*, No. 18-5890, 2018 WL 9650037, at *1 (6th Cir. Sept. 14, 2018).

### A.

For a stay pending appeal, the first factor, likelihood of success on the merits, essentially asks whether there is "a likelihood of reversal." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). To justify a stay the movant "need not always establish a high probability of success on the merits." *Michigan Coal.*, 945 F.2d at 153 (internal citations omitted). But the "probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay" and the movant is "always required to demonstrate more than the mere possibility of success on the merits." *Id.* (internal citations and quotation marks omitted). As will be discussed below, ZF US has not demonstrated any irreparable harm, so it needs to show a high likelihood of success on this factor.

ZF US argues that it has a likelihood of success on the merits of its appeal because (1) the Supreme Court has granted review of a case involving the same key issue presented in this case, and (2) ZF US's appeal to the Sixth Circuit involves issues of first impression.

In March 2021, the Supreme Court granted certiorari in *Servotronics, Inc. v. Rolls-Royce PLC* to address a circuit split over whether § 1782 encompasses private commercial arbitral tribunals. *Servotronics, Inc. v. Rolls-Royce PLC*, 141 S. Ct. 1684 (2021). If § 1782 does not encompass private commercial arbitral tribunals, Luxshare would not be entitled to the discovery granted in this case.

But the current law in the Sixth Circuit is that § 1782 discovery may be used for private commercial arbitrations. *See Abdul Latif Jameel Trans. Co. Ltd. v. FedEx Corp.*, 939 F.3d 710, 723 (6th Cir. 2019). The Supreme Court's grant of certiorari in *Servotronics* does not change this binding precedent. *See In re Bradford*, 830 F.3d 1273, 1275 (11th Cir. 2016) ("[G]rants of certiorari do not themselves change the law, and must not be used by courts as a basis to grant relief that would otherwise be denied." (internal citation and quotation marks omitted)). So if the Sixth Circuit rules on ZF US's appeal based on the current binding precedent, ZF US has very little likelihood of success on the merits.

Another possibility is that the Sixth Circuit will not decide ZF US's appeal until after the Supreme Court's ruling in *Servotronics*. But even considering the possibility that the Sixth Circuit law could change as a result of the Supreme Court's ruling, many unknowns remain. At this point, it is not even clear that the case will be heard by the Supreme Court as scheduled in October 2021. The respondents in *Servotronics* recently filed a brief arguing that the case has become moot and asking the Supreme Court to dismiss the case. (ECF No. 35, PageID.824 (citing Brief for Respondent at 12-14, *Servotronics, Inc. v. Rolls-Royce PLC*, No. 20-794 (June 21,

4

2021).) Even if the case is heard in October, the decision could come as late as June 2022, six months after Luxshare's deadline to initiate arbitration that will be expedited. And of course, the Supreme Court may interpret § 1782 as the Sixth Circuit has. Luxshare raises an additional relevant piece of information: In the parallel *Servotronics* case decided by the Fourth Circuit, the Supreme Court recently declined to stay the Fourth Circuit's order allowing discovery under § 1782. *See Rolls-Royce PLC v. Servotronics, Inc.*, No. 20A160, 2021 WL 1618133 (U.S. Apr. 27, 2021).

In sum, Sixth Circuit law controls unless the Supreme Court says otherwise. Under current Sixth Circuit law, ZF US has little likelihood of success. And the Supreme Court may not say otherwise until after the arbitration takes place or the Sixth Circuit rules on ZF US's appeal. Moreover, it may not say otherwise at all, and instead adopt the view of the Sixth Circuit. So the grant of certiorari only shows that ZF US has, at best, a possibility, not a likelihood, of succeeding on appeal.

ZF US's second likelihood-of-success argument fares no better. ZF US argues that it can satisfy the likelihood-of-success factor simply by showing that there are substantial legal questions or matters of first impression at issue. (ECF No. 30, PageID.734.) But this is not a position endorsed by the Sixth Circuit. Even on questions of first impression, ZF US must demonstrate a likelihood of reversal to a degree inversely proportional to the irreparable harm it would suffer absent a stay. *See Michigan Coal.*, 945 F.2d at 153. Again, as discussed below, ZF US has not demonstrated any irreparable harm, so it would need to show a high likelihood of success on this factor.

5

To determine ZF US's likelihood of success, it is important to consider the standard of review. A district court's authorization of discovery under § 1782 is reviewed for an abuse of discretion. *JSC*, 2018 WL 9650037, at *1. "An abuse of discretion occurs only 'when the district court relies on clearly erroneous findings of fact, . . . improperly applies the law, . . . or . . . employs an erroneous legal standard." *Id.* (quoting *Barner v. Pilkington N. Am., Inc.*, 399 F.3d 745, 748 (6th Cir. 2005)).

Considering ZF US's three supposed questions of first impression under the abuse of discretion standard, ZF US has not shown a likelihood of success on any of them. For the first two issues, ZF US does not allege that the Court made a clearly erroneous finding of fact or an incorrect legal ruling, so it has not shown any likelihood that the Sixth Circuit would overrule the Court's order on either of these bases.

For the third issue, ZF US does argue that the Court employed the wrong legal standard by reviewing the magistrate judge's decision under the "clearly erroneous or contrary to law" standard. (ECF No. 30, PageID.739.) ZF US argues that the magistrate judge's decision should be considered dispositive and thus must be reviewed de novo. (*Id.*) True, the Sixth Circuit has not ruled on this question. But in its own order, this Court considered this question and noted that although no appellate court has addressed the issue, most lower courts have found that such rulings are not dispositive. *Luxshare, LTD. v. ZF Auto. US, Inc.*, No. 2:20-MC-51245, 2021 WL 2705477, at *2 (E.D. Mich. July 1, 2021) (citing *In re Hulley Enters.*, 400 F.

6

Supp. 3d 62, 71 (S.D.N.Y. 2019)). ZF US has not presented any evidence to suggest that the Sixth Circuit will rule differently.

Instead, ZF US argues, without any case law in support, that because a decision on a motion to quash is final and appealable, it must also be dispositive. (ECF No. 30, PageID.739.) But, in fact, in the show cause order issued by the Sixth Circuit in this case, the court of appeals questioned whether this Court's ruling is even appealable. *Luxshare, Ltd. v. ZF Automotive US, Inc.*, No. 21-2736 (6th Cir. July 27, 2021) (show cause order). The Sixth Circuit's denial of a stay in *JSC MCC EuroChem* provides an additional clue. In that case, the district court similarly reviewed the magistrate judge's order under an abuse of discretion standard and the Sixth Circuit did not raise this as an issue in its decision denying a stay. 2018 WL 9650037, at *1.

So although the standard of review for a magistrate judge's order on a motion to quash a subpoena pursuant to § 1782 is an issue of first impression in the Sixth Circuit, ZF US has not presented any evidence of "more than the mere possibility of success on the merits" of this question.

Because § 1782 extends to private arbitration under binding precedent that currently applies to ZF US's appeal and it is uncertain when and what the Supreme Court might rule in *Servotronics*, and because ZF US has not shown a high likelihood that this Court otherwise erred in its ruling, the Court finds that the first factor, likelihood of success on appeal, does not favor a stay.

## B.

The Court next considers whether ZF US would be irreparably harmed in the absence of a stay and balances the degree of potential harm with the likelihood of success on appeal discussed above. "In evaluating irreparable harm, we consider: the 'substantiality of the injury alleged'; whether the injury will likely occur; and whether the movant provided adequate proof of the alleged injury." *JSC MCC EuroChem*, 2018 WL 9650037, at *2 (quoting *Mich. Coalition*, 945 F.2d at 154).

For a multi-billion-dollar company like ZF US, the time and money required to produce a limited category of emails and conduct a single deposition is clearly not irreparable harm. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." (internal citation omitted)). But ZF US argues that the source of irreparable harm is that if ZF US produces the discovery materials now, Luxshare will immediately initiate arbitration and use the materials against ZF US. And the expedited arbitration proceedings will likely conclude before the Sixth Circuit rules on ZF US's appeal and the Supreme Court rules on *Servotronics*. So, ZF US argues, there would be no remedy if it is later determined that Luxshare was not entitled to the discovery.

But even if a discovery order cannot be undone, it does not automatically follow that this creates irreparable harm. The worst case for ZF US is that it has to produce limited discovery that it should not have to—but as just stated, that is not a substantial cost for a company like ZF US. ZF US cites several cases that discuss the

8

irreparable harm that can be caused by an "erroneous forced disclosure" of confidential or privileged information. *In re Pros. Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009); *see also In re Lott*, 139 F. App'x. 658, 662 (6th Cir. 2005); *In re Ford Motor Co.*, 110 F.3d 954, 962–64 (3d Cir. 1997). In the case of confidential or privileged information there is an inherent harm in wrongfully disclosing "information that is claimed to be protected by the Constitution, privilege, or more general interests in privacy." *In re Pros. Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009) (quoting 16 Wright & Miller, Federal Practice & Procedure § 3935.3). And in the case of disclosure of privileged information, there is a harm done to the privilege itself, which cannot be cured. *In re Lott*, 424 F.3d 446, 452 (6th Cir. 2005).

But in this case, the discovery ordered by the Court does not include any privileged or confidential materials. Reading between the lines, ZF US seems to be concerned about the harm that might accrue to ZF US if Luxshare discovers evidence supportive of its claims and uses it against ZF US in the arbitration. But ZF US cannot claim that it would be harmed by the disclosure of evidence of its own wrongdoing that is not privileged or confidential. So because the discovery is not privileged or confidential, and ZF US offers no other argument for how the production of this discovery would cause irreparable harm, ZF US has not met its burden on this factor.

ZF US's final argument, that it will be harmed by not having reciprocal discovery, is unavailing. ZF US did not ask for reciprocal discovery.

9

In sum, the Court agrees with its sister court in the Southern District of New York that "a requirement to produce documents, at least absent a claim of privilege or sensitivity, is not generally the type of injury that is irreparable." *In re Platinum Partners Value Arbitrage Fund LP*, 2018 WL 3207119, at *6 (S.D.N.Y. June 29, 2018).

Considering the low likelihood of success on the merits its appeal along with the absence of any irreparable harm, the outcome of ZF US's motion to stay seems apparent. But in the interest of thoroughness, the Court will briefly address the final two stay factors.

## C.

The third factor is whether a stay will substantially injure the other parties interested in the proceeding. Both parties agree that Luxshare could be harmed if a stay were granted without tolling the statute of limitations for initiating arbitration by the end of 2021. In its motion, ZF US states that if a stay is granted it agrees that the statute of limitations will be tolled pending the Sixth Circuit appeal. (ECF No. 30, PageID.745.) Luxshare is skeptical of ZF US's offer because it was only made in their brief without any sort of binding declaration or agreement. (ECF 35, PageID.830.) The Court also notes that neither party has made it clear whether the private arbitration tribunal would accept a tolling agreement.

Regardless, Luxshare argues that it would be harmed even if the statute of limitations were tolled. First, production of the discovery has already been delayed. And particularly in the case of the deposition, further delay comes with the risk of fading memory or witness incapacity. As discussed above, it could be 10 months

before the Supreme Court issues a decision in *Servotronics*. And the timeline for ZF US's appeal is unknown. Luxshare claims that ZF US is responsible for hundreds of millions of dollars of damages. So Luxshare could be substantially injured if it is denied access to discovery it is ultimately entitled to. Given these risks, the possible harm to Luxshare if a stay is granted is at least as great as the risk to ZF US in the absence of a stay.

### D.

Finally, the Court must consider whether the public interest would be served by a stay. ZF US argues that third parties should be protected from the burden of sitting for a deposition, but the two potential deponents here are both parties to this case. On the other hand, Luxshare argues that a stay of discovery would frustrate the twin aims of § 1782. These twin aims are "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *In re Application to Obtain Discovery for Use in Foreign Proc.*, 939 F.3d 710, 730 (6th Cir. 2019) (internal citation omitted); *see also Nikon Corp. v. GlobalFoundries U.S., Inc.*, No. 17-MC-80071-BLF, 2017 WL 4865549, at *3 (N.D. Cal. Oct. 26, 2017) ("[The dual] purposes would be frustrated by a stay order."). A number of courts have held that the public interest weighs against a stay of discovery in a § 1782 case because discovery "supports the truth in foreign actions." *In re Bracha Found.*, No. 2:15-MC-748, 2015 WL 6828677, at *4 (N.D. Ala. Nov. 6, 2015); *see also In re Application of Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1118 (E.D. Wis. 2004) ("[T]he public interest favors allowing the discovery

11

because doing so furthers the search for the truth in the foreign actions."); *In re Sergeeva*, No. 1:13-CV-3437, 2015 WL 13774466, at *3 (N.D. Ga. July 20, 2015) ("[A]llowing the information to be produced will assist in the foreign tribunal's search for the truth."). The Court agrees that the public's interest in truth and efficiency in foreign actions and in encouraging mutual assistance between foreign tribunals weighs against a stay in this case.

\* \* \*

ZF US's low, or at best uncertain, likelihood of success on the merits of its appeal, the absence of irreparable harm to ZF US absent a stay, the harm that Luxshare could suffer if discovery is stayed, and the public interest weigh against a stay. ZF US' motion to stay will be thus be denied.

## II. The Motion to Compel

Also before the Court is Luxshare's motion to compel the discovery previously ordered by the Court.

Judge Patti's decision to allow Luxshare limited discovery became final on July 1, 2021 when the Court overruled ZF US's objections to the order. (ECF No. 29.) As detailed above, the Court is denying ZF US's motion to stay the order. ZF US does not offer any real reason why the motion to compel should not be granted beyond reiterating arguments that the Court has already addressed and rejected in this opinion and previous opinions. Nor can it. Luxshare is entitled to discovery under the Court's July 1 order and so the motion to compel that discovery will be granted.

But the Court appreciates that ZF US has also filed a motion to stay with the Sixth Circuit. And ZF US represents that it has "engaged in good-faith efforts to collect responsive documents to be prepared to expeditiously produce these documents." (ECF No. 36, PageID.841.) So if the Sixth Circuit denies the motion for stay or dismisses the appeal, ZF US will have 14 days from either of those events to produce the discovery.

In its motion to compel, Luxshare also requests the costs and attorney's fees for its motion. (ECF No. 31, PageID.759.) Luxshare argues that this request is justified under Fed. R. Civ. P. 37(b)(2) because ZF US "fail[ed] to obey an order to provide or permit discovery[.]" Rule 37(b)(2) also states that attorney's fees and expenses are justified "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Here, an award of fees is not warranted because ZF US communicated to Luxshare shortly after the Court's July 1 order that it intended to appeal the decision and seek a stay. And there was some legal basis for ZF US to appeal and seek a stay given the state of the law in the Sixth Circuit and the fact that the issue is pending before the Supreme Court. So ZF US was substantially justified in failing to comply with the order while it prepared and promptly filed its motion to stay and notice of appeal.

### III.

For the reasons stated above, the Court DENIES ZF US's motion for a stay (ECF No. 30). The Court GRANTS Luxshare's motion to compel (ECF No. 31) and orders ZF US to comply with the subpoenas and produce the discovery materials as

13

directed in the Court's previous order (ECF No. 26) within 14 days of an order by the Sixth Circuit either denying ZF US's motion to stay or dismissing the appeal.

SO ORDERED.

Dated: August 17, 2021

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE